IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-152 |
| | ) | |
| GERARDO GOMEZ-RODRIGUEZ, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case came before the Court on August 31, 2011, for a scheduled pretrial conference and a continuation of the detention hearing from July 12, 2011. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the Government. Attorney Paula R. Voss represented the Defendant, who was also present. During the hearing, Ms. Voss made an oral motion to continue the September 20, 2011 trial date due to the need for a ruling on the Defendant's pending Motion to Dismiss the Indictment with Prejudice. Ms. Voss stated that the Defendant continued to waive his speedy trial rights. The Government had no objection to a continuance. The parties agreed to a new trial date of November 1, 2011.

The Court finds the oral motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court presently has the Defendant's Motion to Dismiss the Indictment with Prejudice [Doc. 21] under advisement, along with the parties' post-hearing briefs on the application of the recent Supreme Court case Padilla v. Kentucky, 130 S. Ct.

1

1473 (2010). The Court has already found [Docs. 35 and 38] that the Defendant's pending Motion to Dismiss the Indictment and the supplemental briefs raise complicated issues of constitutional and immigration law. See 18 U.S.C. § 3161(h)(1)(D). The Court has previously found [Doc. 42] that the complexity of the novel legal issues raised by this motion make it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). With the agreement of the parties, the Court has declared [Doc. 42] this case to be complex for speedy trial purposes.

Once the Court issues a report and recommendation on the motion, the parties will need time to file any objections to the report and recommendation, and the District Court will need time to rule upon the motion to dismiss in light of the report and the objections. The Court finds that all of this cannot take place before the September 20, 2011 trial date or in less than two months. Thus, the failure to grant a continuance in this case would deny counsel for Defendant Gomez-Rodriguez the reasonable time necessary for effective trial preparation, despite counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's oral motion to continue is **GRANTED**, and the trial of this matter is **CONTINUED** to **November 1, 2011**. The Court also finds that all the time between the August 31, 2011 hearing and the new trial date of November 1, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling, the parties are to appear before the undersigned for a final pretrial conference on **October 17, 2011, at 1:00 p.m.** This date will also be the deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* are due on or before **October 17, 2011**. Special requests for jury instructions shall be submitted to the

District Court no later than **October 21, 2011**, and shall be supported by citations of authority pursuant to Local Rule 7.4. E.D.TN. LR 7.4.

With regard to the pending issue of the Defendant's detention, the Court has previously observed that the Defendant appears to qualify for release. Nevertheless, the Court is concerned about whether any conditions exist that would reasonably assure the Defendant's appearance at future court proceedings, in light of the likelihood that the Department of Homeland Security would seek to deport him upon his release from the Court's custody. Ms. Voss advised that in early August, the Defendant's immigration attorney Ms. Grace Gardiner had filed a Motion for Emergency Stay of Deportation with the Board of Immigration Appeals. Ms. Voss introduced a copy of this filing as Exhibit 1 to the hearing, noting that it was relevant both to the issue of detention and to the Defendant's pending motion to dismiss. Ms. Voss asked the Court to continue the detention hearing for a few weeks to permit a ruling on the pending motion to stay. The Court set a new hearing on the detention issue for **September 20, 2011, at 11:00 a.m.**

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 1, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **August 31, 2011** hearing and the new trial date of **November 1, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear for a continuation of the detention hearing on **September 20, 2011, at 11:00 a.m.**;

(5) A final pretrial conference before the undersigned is set for **October 17, 2011, at 1:00 p.m.** This date will also be the new plea

3

negotiation cutoff deadline;

(7) Motions *in limine* must be filed on or before **October 17, 2011**; and

(8) Special requests for jury instructions with appropriate citations must be submitted to the District Court by **October 21, 2011**.

**IT IS SO ORDERED.**

ENTER:

　　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge